IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ODI LUKE SANCHEZ,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:05-CR-205 TS |

In its Trial Brief,[1] the government has submitted a proposed jury instruction which would instruct the jury that they may find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime if he acquired a gun by trading drugs for it. Defendant has objected to the proposed instruction and has filed a Motion to Dismiss Count III of the Indictment on the basis that trading drugs for a gun is not "use" of the gun in violation of § 924(c) and that there is no Tenth Circuit authority for such an instruction.[2] The Court finds that trading drugs for a gun does constitute "use" under § 924(c) and will therefore deny Defendant's Motion to Dismiss and will permit the proposed jury instruction.

---

[1]Docket No. 82.

[2]Docket Nos. 86 and 87.

1

## I.  BACKGROUND

Simply stated, the facts the government intends to introduce at trial concerning Count III of the Indictment are that Defendant traded drugs in exchange for guns.  The government seeks to have the Court instruct the jury as follows:

> Regarding Count III, you may find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime if you conclude beyond a reasonable doubt that he acquired a gun by trading drugs for it.

For the reasons discussed below, the Court will not dismiss Count III of the Indictment and will provide the proposed instruction to the jury.

## II.  ANALYSIS

This issue requires the Court to determine whether one who trades drugs in exchange for a gun possesses a gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  There is a split of authority in the circuits on this issue and the Tenth Circuit has not yet spoken on this point.

In *Smith v. United States*,[3] the Supreme Court held that a defendant who had traded his gun in return for drugs had 'used' the firearm in relation to a drug trafficking crime in violation of § 924(c)(1).[4]  There the Court stated that "one who transports, exports, sells, or trades a firearm 'uses' it" within the meaning of the statute.[5]

---

[3] 508 U.S. 223 (1993).

[4] *Id*. at 237.  While *Smith* involved trading a gun in exchange for drugs and Defendant here is accused of trading drugs for a gun, this is a distinction without a difference.

[5] *Id*. at 235.

2

In 1995, the Supreme Court clarified its construction of the term "use" by holding that it required "more than mere possession of a firearm by a person who commits a drug offense."[6] The Court stated that "use" required active employment of the firearm during the commission of the crime.[7] The Court, however, did not disturb *Smith's* holding, concluding that bartering one's firearm for drugs was sufficiently active employment of the firearm to constitute "use."[8] The Court in *Bailey* made clear that "use" includes bartering.[9] The Supreme Court, then, has twice held that bartering constitutes "use" under § 924(c).

Congress changed the language of § 924(c) in 1998. Congress broadened the language of the statute by prohibiting not only using a firearm in relation to a drug trafficking crime, but also merely possessing a firearm in furtherance of a drug trafficking crime.

As noted above, the circuits have split as to whether trading drugs for a firearm constitutes possession of a firearm in furtherance of a drug trafficking crime. The Third,[10] Fifth,[11] Eighth,[12] and Ninth[13] Circuits have held that such a transaction does fall within the

---

[6] *Bailey v. United States*, 516 U.S. 137, 143 (1995).

[7] *Id*. at 143–44.

[8] *Id*. at 147–48.

[9] *Id*. at 148.

[10] *United States v. Sumler*, 294 F.3d 579, 580 (3d Cir. 2002).

[11] *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996).

[12] *United States v. Cannon*, 88 F.3d 1495, 1509 (8th Cir. 1996).

[13] *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506 (9th Cir. 1997).

meaning of the statute. The Sixth,[14] Seventh,[15] Eleventh,[16] and District of Columbia[17] Circuits have held that it does not. The Sixth Circuit, however, has recently reversed its position concluding "that acquisition of a firearm in exchange for drugs is a sufficient 'specific nexus' between the drugs and the guns to constitute possession 'in furtherance of' the drug sale."[18] The Second Circuit has recognized this split, but has not ruled on the issue.[19]

As noted, the Tenth Circuit has not yet addressed this issue. The Court can find only one district court within the Tenth Circuit which has ruled upon it. In 2005, the District of Kansas, in an unpublished opinion, recognized the split in the circuits.[20] That court agreed with the majority position and held that "[b]ecause the government presented evidence that defendant traded drugs for the gun, sufficient evidence existed to convict on the 'use' element of § 924(c)."[21]

In the Court's view, the better reasoned cases are those which have held that trading drugs for a gun can be considered "use" under § 924(c). These cases remain true to the Supreme Court's holdings in *Smith* and *Bailey*, where the Court has held that the term "use" includes bartering. Like the Third Circuit, the Court "cannot evade the brute fact that the Supreme Court

---

[14]*United States v. Warrick*, 167 F.3d 965, 975–76 (6th Cir. 1999).

[15]*United States v. Westmoreland*, 122 F.3d 431, 435 (7th Cir. 1997).

[16]*United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005).

[17]*United States v. Stewart*, 246 F.3d 728, 731 (D.C. Cir. 2001).

[18]*United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005).

[19]*United States v. Cox*, 324 F.3d 77, 83–84 & n.2 (2d Cir. 2003).

[20]*United States v. Trotter*, 2005 WL 2239479, *4 (D. Kan 2005).

[21]*Id*.

in both *Bailey* and *Smith* explained that the word 'use' means 'barter.'"[22] Those cases holding that exchanging drugs for a gun is within the definition of § 924(c) closely follow the Supreme Court's interpretation of the term 'use' under that provision.

Moreover, some of those cases which have held that such an exchange falls outside the scope of § 924(c) are distinguishable from the case before the Court. In *Warrick*, the Sixth Circuit—which has since reversed its position on this issue—held "that Warrick's passive receipt of the shotgun from the undercover officer in exchange for marijuana did not constitute a 'use' of a firearm within the meaning of § 924(c), where Warrick merely acquiesced to the undercover officer's proposal that he accept the firearm as partial payment for the marijuana."[23] Similarly, in *Westmoreland*, the Seventh Circuit held that where a Defendant does nothing more than receive a gun in payment from a government agent, he cannot be convicted under § 924(c).[24] The court also noted that in that case "the agent admitted that he had deliberately made the gun a part of the transaction in order to set up a conviction under § 924(c)(1)."[25] The Court considered it to be significant that the government introduced the weapon into the transaction, rather than the defendant requesting the gun in payment for the drugs.[26]

Here, there is no indication that Defendant was a passive recipient of the firearms at issue. Rather, the evidence the government intends to introduce allegedly shows that Defendant sought

---

[22] *Sumler*, 294 F.3d at 583.

[23] *Warrick*, 167 F.3d at 975. As noted above, the Sixth Circuit recently reversed its position on this issue. See *Frederick*, 406 F.3d at 764.

[24] *Westmoreland*, 122 F.3d at 436.

[25] *Id.* at 435.

[26] *Id.* at 436 n.1.

to trade drugs for the firearms and that be bartered with the undercover officer as to how much methamphetamine he would be willing to trade for the two guns.

While the Court recognizes the split among the circuits, the Supreme Court's holdings in *Smith* and *Bailey* remain in force. The Supreme Court has now twice held that bartering constitutes use. The majority position within the circuits is that trading drugs for guns constitutes a violation of § 924(c). For these reasons, the Court will deny Defendant's Motion to Dismiss and will offer the instruction proposed by the government to the jury.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Count III (Docket No. 86) is DENIED. The Court will give the proposed jury instruction concerning Count III to the jury.

DATED   February 27, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge