IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ODI LUKE-SANCHEZ,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br>Case No. 2:05-CR-205 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Reduction of Sentence. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

　　　　On March 30, 2005, Defendant and others were charged in a three-count Indictment. Defendant proceeded to trial and, on March 3, 2006, was found guilty on all three counts. Defendant was sentenced to 295 months imprisonment to be followed by 60 months of supervised release. Defendant's sentence was later reduced to 248 months. Defendant now seeks a reduction in his sentence. Defendant argues that such a reduction is justified due to the severity of his sentence and the disparity between his sentence and similarly situated defendants who are sentenced after the First Step Act. Defendant also complains that he has been designated to a private prison, which provides segregated incarceration and limited programming.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The first question presented is whether Defendant has fully exhausted his administrative rights.  Defendant presents three reasons for his request for sentence reduction: (1) the severity of his sentence; (2) the disparity between his sentence and the sentence similarly situated defendants would receive now; and (3) his designation to a private prison.  Defendant's request to the Bureau of Prisons only included the first two reasons as a basis for compassionate release.[2] Therefore, Defendant has failed to fully exhaust his administrative rights as it relates to his claim related to his designation.[3]  Therefore, the Court will deny Defendant's Motion on this ground

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] Docket No. 180, at 16–19.

[3] *See United States v. Williams*, 987 F.3d 700, 702–03 (7th Cir. 2021) (finding that a defendant failed to exhaust his administrative remedies where he sought release by the court on a different ground than was presented to the Bureau of Prisons); *see also United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (upholding denial of motion for sentence reduction for failure to exhaust where the defendant's "request to the warden did not include COVID-19 as a reason for compassionate release").

without prejudice to allow him the opportunity to exhaust his administrative rights in the first instance.

Defendant has, however, exhausted his administrative remedies as to the remaining arguments. Where a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[4] The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction. Defendant's arguments are based on two false premises. First, Defendant complains about the severity of his sentence. In particular, Defendant argues that his sentence was improperly enhanced under United States Sentencing Guideline ("USSG") § 2D1.1(b)(1) for possessing a firearm, which also provided the basis for his conviction under 18 U.S.C. § 924(c). A review of Defendant's Presentence Report, however, shows that he did not receive an enhancement under § 2D1.1(b)(1). Therefore, Defendant's claim that he was subjected to inappropriate enhanced penalties is without basis.

---

[4] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[5] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Defendant next argues that recent amendments to § 924(c) under the First Step Act should be considered. He contends that under these amendments, he received a higher sentence than would be imposed on similarly situated defendants sentenced now. Defendant's reliance on the First Step Act is also misplaced. Among other things, the First Step Act altered the stacking provisions of § 924(c). However, Defendant's sentence was not subject to the stacking enhancements amended by the First Step Act. Therefore, this argument too must be rejected. As a result, the Court finds that Defendant has failed to demonstrate extraordinary and compelling reasons for his requested reduction.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Reduction of Sentence (Docket No. 180) is DENIED.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge