N THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ODI LUKE-SANCHEZ,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>Case No. 2:05-CR-205 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Reconsideration. Defendant previously sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(a). One of the stated reasons for his request was Defendant's argument that his sentence was improperly enhanced under United States Sentencing Guideline ("USSG") § 2D1.1(b)(1) for possessing a firearm, which also provided the basis for his conviction under 18 U.S.C. § 924(c). The Court denied Defendant's Motion, noting that a review of Defendant's Presentence Report showed that he did not receive an enhancement under § 2D1.1(b)(1).

Defendant now seeks reconsideration. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[1] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[2]

Defendant argues that the Court misapprehended the facts. Defendant asserts that the Court erroneously concluded that his sentence was not enhanced under USSG § 2D1.1(b)(1). In support of this argument, he provides a portion of a Presentence Report that was prepared on April 17, 2006 (the "Original Presentence Report").[3] Defendant is correct that the Original Presentence Report did include an enhancement of two levels pursuant to 2D1.1(b)(1).[4] However, the Original Presentence Report was later amended (the "Amended Presentence Report").[5] The Addendum attached to the Amended Presentence Report reflects that defense counsel objected to the two-level enhancement under USSG 2D1.1(b)(1) because its inclusion was inconsistent with another portion of the sentencing guidelines.[6] As a result of this objection, the enhancement was removed from the Amended Presentence Report. Defendant's offense level remained the same, however, because the Amended Presentence Report included a two-level enhancement for obstruction of justice that was not contained in the Original Presentence Report.[7] Defendant's request for compassionate release did not rest on his challenge to that enhancement and he provides no other bases for reconsideration.

---

[2] *Id.* (internal citation omitted).
[3] Docket No. 183.
[4] *Id.* at 6.
[5] Docket No. 165-1.
[6] *Id.* at 15 (citing Application Note 4 to USSG 2K2.4).
[7] *Id.* at 6.

It is therefore

ORDERED that Defendant's Motion for Reconsideration (Docket No. 182) is DENIED.

DATED this 1st day of March, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge